LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com

***Attorneys for Defendant,***
***Las Vegas Metropolitan Police Department***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DUSTIN HENDERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; and Corrections Officers KENJI OKADA and DANIEL HERNANDEZ AGUIRRE, individuals,<br><br>Defendants. | Case No.: 2:26-cv-01345-ART-NJK<br><br>**STIPULATION TO EXTEND DISCOVERY**<br>**(First Request)**<br>**[ECF No. 9]** |

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of November 4, 2026, be continued for a period of ninety (90) days up to and including **Tuesday, February 2, 2027**, for the purpose of newly named Defendants, Kenji Okada and Daniel Hernandez Aguirre ("New Defendants") to appear in the case, for the parties to conduct additional

written discovery[1], to take depositions of the parties, witness Officers and Rule 30(b)(6) witnesses, to serve third-party subpoenas, and to allow disclosure of expert and rebuttal expert reports.

## I. DISCOVERY COMPLETED TO DATE

Plaintiff provided his initial Rule 26 Disclosures to Defendants on May 29, 2026. On June 3, 2026, this Court issued an operative Scheduling Order. [ECF No. 9]. On June 16, 2026, LVMPD and former Defendant Reyes Solis[2] provided their initial Rule 26 Disclosures to Plaintiff. Thereafter, LVMPD provided a First Supplemental Disclosure to Plaintiff on August 10, 2026, and a Second Supplemental Disclosure on August 21, 2026. Plaintiff's disclosures to date contain over 1000 pages of medical records of Plaintiff and LVMPD's disclosures to date include over 1800 pages of records and over twenty-five (25) video files.

On July 9, 2026, Plaintiff served initial written discovery (Interrogatories, Requests for Production of Documents and Requests for Admissions) on LVMPD and former Defendant Solis. LVMPD and former Defendant Solis provided their responses to the written discovery on August 10, 2026.

LVMPD has vetted and retained necessary experts.

## II. DISCOVERY YET TO BE COMPLETED

The New Defendants are presently being served at LVMPD's Headquarters. They will be assigned Counsel by LVMPD and will make timely appearances in this case. Additional information and documents related to their training and employment as Clark County Detention Center ("CCDC") Corrections Officers will be disclosed. LVMPD is currently preparing its initial written discovery for Plaintiff. Plaintiff, and the New Defendants will also propound additional

---

[1] related to the New Defendants, as well as LVMPD's defenses.

[2] Defendant Reyes Solis was mis-identified in the initial Complaint and is no longer named in the Amended Complaint. [*See* ECF No. 13 at pg. 2 and ECF No. 15].

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

written discovery. Experts have been retained. In the written discovery to Plaintiff currently being prepared by LVMPD, LVMPD is requesting signed medical and employment authorizations from Plaintiff. After the authorizations are received, LVMPD will prepare and serve any necessary third-party subpoenas. Medical records of Plaintiff from third parties will be needed as they are directly related to Plaintiff's claims in this matter. There will be numerous supplemental disclosures made by all parties. The parties will disclose expert(s) and any necessary rebuttal expert(s) report(s). Numerous depositions will be taken, including those of the Plaintiff, the New Defendants, treating medical providers, if necessary, Rule 30(b)(6) witnesses and any necessary expert(s) or rebuttal expert(s).

**REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

A standard of "good cause" governs this request as required by FRCP 16(b)(4) and LR 26-3. A scheduling order can be modified when deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Courts consider diligence, whether the parties have been actively engaged in the litigation process, and whether changed circumstances render the existing discovery deadlines impracticable. *See id.*; *see also In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (good cause exists where a party proceeds diligently but requires additional time due to case developments). If an expert deadline cannot reasonably be met despite Plaintiff's diligence, good cause exists under Rule 16(b)(4) for the extension. *Also see Kwasniewski v. Sanofi-Aventis U.S., LLC*, No. 2:12-cv-00515-GMN-NJK (D. Nev. June 5, 2013) (Koppe, M.J.) (extending expert deadline where experts needed additional discovery materials to formulate opinions).

As shown above, the parties have been diligent in pursuing discovery in this matter. Indeed, shortly after the operative Scheduling Order for this matter was entered, LVMPD provided

its initial disclosures to Plaintiff. LVMPD and former Defendant Reyes responded to extensive written discovery and voluminous documents and video were disclosed in this matter. Through discovery, Plaintiff determined that the incorrect CCDC Officer was named and promptly sought to amend his Complaint which this Court just approved. [ECF No. 15]. Counsel communicated about service on the New Defendants and Plaintiff has sent the SAC to a process server to be served. The parties have been diligent throughout this litigation as shown.

Next, the claims in this matter surround Plaintiff's detention at CCDC following his arrest. Plaintiff alleges that CCDC Officers used excessive force against him while escorting him to a side cell which resulted in injuries to his fingers. Initially, Plaintiff identified the wrong CCDC Officer who he believed injured his fingers. To correct this, Plaintiff just amended his complaint to identify different CCDC Officers. The change in Officers and addition of these Officers fundamentally changes the scope of this case and the discovery. The New Defendants should be afforded the time necessary to appear and participate in discovery. Moreover, LVMPD's expert has informed them that he will not be able to complete a preliminary report with the information they currently have and will need additional time. Information related to the New Defendants such as their hiring, training and their version of events is necessary to complete the expert analysis and is uniquely within the possession and knowledge of the New Defendants. Because the parties have been diligent in discovery and there is a change in circumstances, there is good cause to modify the current discovery deadlines.

Accordingly, good cause is established because the parties have proceeded diligently, but more time is needed due to legitimate litigation demands arising from (1) the amendment of the Complaint, (2) the pending appearance of the New Defendants, (3) the need for information and documents pertaining to the New Defendants to be disclosed and (4) the need to complete expert discovery based on a fully developed factual record. This Request is timely. Dispositive motions

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

have not yet been filed, and no Trial has been set.

## III. PROPOSED EXTENDED DEADLINES

The parties respectfully request this Court enter an order as follows:

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Discovery Cut Off | November 4, 2026 | February 2, 2027 |
| Disclosure of Experts | September 8, 2026 | December 4, 2026 |
| Disclosure of Rebuttal Experts | October 8, 2026 | January 4, 2027 |
| Dispositive Motion Deadline: | December 4, 2026 | March 4, 2027 |
| Pre-Trial Order | January 5, 2027 | April 3, 2027 |

**(A) Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

**(B) Pretrial Order.**

Pursuant to LR 26-1(b)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty days after the date set for filing dispositive motions, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court. The disclosures required by FRCP 26(a)(3) and any objections shall be included in the final Pretrial Order.

**(C) Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all discovery.

DATED this 31st day of August, 2026.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER KALKOWSKI
Nevada Bar No. 14892
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendant Las Vegas Metropolitan Police Department***

BREEDEN & ASSOCIATES PLLC

By: */s/ Adam J. Breeden*
ADAM J. BREEDEN
Nevada Bar No. 8768
376 E. Warm Springs Road, Suite 120
Las Vegas, NV 89119

***Attorney for Plaintiff***

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATEJUDGE

Dated: September 1, 2026